## THOMAS W. DURANT *versus* WILLIAM JOHNSON *et al.*

In the case of simultaneous attachments of the same parcel of land by two creditors of the owner, if one of the creditors levies on the whole land by metes and bounds, the other may levy on an undivided moiety or such undivided proportion, not exceeding a moiety, as may be necessary to satisfy his execution.

PETITION for partition. On a case stated it appeared, that one Foster, from whom the defendants derive their title, and the plaintiff, attached the land in 1828, at the same moment, as the property of Abel Spofford. In June 1829, Foster recovered judgment against Spofford and levied his execution on the whole of the land by metes and bounds ; and in September following, the plaintiff recovered judgment against Spofford and levied his execution on thirty-three undivided ninety-seventh parts of the land, to hold as tenant in common with Foster.

*Nov. 9th.*  *Hazen,* for the petitioner, cited *Shove* v. *Dow,* 13 Mass. R. 529 ; *Sigourney* v. *Eaton,* 14 Pick. 414.

*Saltonstall,* for the respondents.

*Nov. 11th.*  DEWEY J. delivered the opinion of the Court. The objection taken to the title of the petitioner is founded upon the provisions of *St.* 1783, *c.* 57, § 2, prescribing the mode in which a creditor may levy upon the real estate of his judgment debtor. The general rule is undoubtedly, that if the estate be holden in severalty by the debtor, no portion of it can be set off in shares so as to create a tenancy in common, except where the premises are, from the nature of them, incapable of a division without great damage to the whole.

Upon recurring to the facts in the case stated for the Court, it appears that both parties derive title from Abel Spofford, under simultaneous attachments. The legal effect of those attachments was to give to each creditor a right to hold an undivided moiety of the land so attached, if the subsequent levy of the executions was properly made, and if the moiety was no more than sufficient to satisfy the debt of each, and in case of excess, the lien would be limited to the extent of the indebtedness.

No objection can properly be taken by the respondents be

cause the petitioner set off to himself a smaller proportion of the estate than by law he was entitled to, and the case may be considered as if a levy had been made by him on an undivided moiety of the land.

Would such a levy, under the circumstances presented by this case, have been valid ?

We think the mode of levying the execution of the petitioner might be chosen with reference to the nature of the estate remaining liable to be seized at the time of making the levy. It is admitted that the other attaching creditor had already perfected his levy, and thus had acquired a title to a moiety of the land as against the petitioner. All that remained to be seized was an undivided moiety. The change in the mode of the levy, from taking in severalty by metes and bounds, to that of taking a proportional share, did no injury to the parties in interest. No one can object but the respondents, and we do not perceive how they were injuriously affected. If the whole premises had been set off by such a levy as the respondents allege should have been made, by metes and bounds, the effect would have been to vest in each of these attaching creditors an undivided moiety.

There is no statute provision declaring the effect of simultaneous attachments, or directing the mode of levying executions in such cases, but the Court have applied to the cases that have occurred, such legal principles as would most effectually do justice to the conflicting claims of creditors, without violating any existing laws.

It seems to us, that in the present case, after the previous levy of execution by the other attaching creditor, the petitioner might well levy upon an undivided moiety, or such proportional share not exceeding a moiety, as might be necessary to satisfy his debt.

The petition is sustained and partition ordered.